UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

'08 MAY 108 AM 4:53

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. |
| Plaintiff, ) | |
| v. ) | COMPLAINT FOR VIOLATION OF: |
| ) | Title 8 U.S.C., Sec. 1324 (a)(2)(B)(iii) |
| 1) Bernardo PARRA-Rubio, ) | Bringing in Illegal Aliens Without |
| 2) Juan Carlos ARAUJO-Parra ) | Presentation |
| 3) Miguel GARCIA-Banuelos ) | |
| Defendant(s) ) | |

The undersigned complainant, being duly sworn, states:

On or about **May 10, 2008,** within the Southern District of California, defendants **Bernardo PARRA-Rubio, Juan Carlos ARAUJO-Parra and Miguel GARCIA-Banuelos**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that aliens, namely, **Juan Carlos VASQUEZ-Padilla, Pedro VASQUEZ-Padilla, Rafael HERNANDEZ-Morales**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said aliens and upon arrival did not bring and present said aliens immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James E. Bailey
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **12th** DAY OF **MAY 2008**

Cathy A. Bencivengo
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
1) Bernardo PARRA-Rubio,
2) Juan Carlos ARAUJO-Parra
3) Miguel GARCIA-Banuelos

## PROBABLE CAUSE STATEMENT

Furthermore, the complainant states that **Juan Carlos VASQUEZ-Padilla, Pedro VASQUEZ-Padilla, and Rafael HERNANDEZ-Morales,** are citizens of a country other than the United States; that said aliens have admitted that they are deportable; that their testimony is material, that it is impracticable to secure their attendance at the trial by subpoena; and they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On May 10, 2008, at approximately 11:00 p.m., Supervisory Border Patrol Agent (SBPA) M. Wilton was performing line watch operations in an area known as "Bell Valley". This area is approximately five miles east of the Tecate, California Port of Entry and approximately 500 yards north of the United States/Mexico International Border. At that time, Border Patrol Infrared Scope Operator C. Sweet had observed a large group of individuals traveling north from the United States/Mexico International Border.

Agent Sweet directed Border Patrol Agents (BPA) J. Alba, S. Waite and N. Banuelos to the location of a group of 25 suspected illegal aliens. The agents observed 22 individuals hiding in a brush-filled wash. Agents Banuelos and Alba identified themselves as United States Border Patrol Agents and questioned each of the individuals as to their citizenship and nationality. Each subject admitted to being a citizen and national of Mexico. Agent Banuelos questioned each individual regarding any immigration documents allowing them to enter or remain in the United States legally. All 22 individuals freely admitted that they did not have any immigration documents allowing them to enter or remain in the United States legally. All 22 individuals were subsequently arrested and transported to the Tecate Processing Center.

A few minutes later, Scope Operator Agent Sweet informed Agent Wilton that three individuals had run away from the group southbound approximately one quarter mile. At approximately 11:10 p.m., Agent Sweet directed Agent Wilton to the approximate area of the three individuals. Agent Wilton began a search of the area and encountered three individuals hiding in a shallow ditch. Agent Wilton identified himself as a United States Border Patrol Agent and questioned the three individuals regarding their citizenship and nationality. The three subjects, later identified as defendants **Bernardo PARRA-Rubio, Juan Carlos ARAUJO-Parra,** and **Miguel GARCIA-Banuelos**, admitted to being citizens and nationals of Mexico. Agent Wilton then questioned the three defendants regarding any immigration documents they might have allowing them to enter or remain in the United States legally. The three defendants freely admitted that they did not have any immigration documents allowing them to enter or remain in the United States legally. Agent Wilton arrested the three defendants and had them transported to the Tecate Processing Center.

## DEFENDANT STATEMENT:  Bernardo PARRA-Rubio

The defendant **Bernardo PARRA-Rubio** was advised of his Miranda Rights in the Spanish language and stated that he understood these rights and agreed to speak without an attorney present. PARRA stated that he is a citizen and national of Mexico. PARRA admitted that he entered the United States illegally, and was aware that he was entering the United States illegally. PARRA stated he has never been arrested nor prosecuted for alien smuggling before, and denied to ever being a guide of any group before. PARRA stated he was one of twenty two subjects arrested in the group, and denied he was guiding the group on this occasion. PARRA admitted there was one subject guiding the group, but he was unable to identify the guide. PARRA was going to be charged $1,800.00 (USD) to cross, and was fully aware that the individuals he was with were all undocumented immigrants. PARRA was planning to travel to Roland Heights in Los Angeles, California. PARRA was presented with two separate six-pack photographic lineups. PARRA was unable to positively identify the guide in the group in either of two separate six-pack photographic lineups.



**CONTINUATION OF COMPLAINT:**
1) Bernardo PARRA-Rubio,
2) Juan Carlos ARAUJO-Parra
3) Miguel GARCIA-Banuelos

### DEFENDANT STATEMENT: Juan Carlos ARAUJO-Parra

The defendant **Juan Carlos ARAUJO-Parra** was advised of his Miranda Rights in the Spanish language and stated that he understood these rights and agreed to speak without an attorney present. ARAUJO stated that he is a citizen and national of Mexico. ARAUJO stated that last night was the first time that he had entered illegally into the United States. ARAUJO stated that he entered the United States through the mountains. ARAUJO admitted that he knowingly entered the United States illegally. ARAUJO stated he was one of twenty two subjects arrested in the group, and denied that he was guiding the group. ARAUJO stated that there was one subject guiding the group. He stated that the guide remained in Mexico and was shouting instructions to direct the group. ARAUJO was going to be charged $1,800.00 (USD) to cross, and was fully aware that the individuals he crossed with were all undocumented immigrants. ARAUJO planned to travel to Los Angeles, California. ARAUJO was presented with two separate six-pack photographic lineups. ARAUJO was unable to positively identify the guide in the group in either of the two separate six-pack photographic lineups.

### DEFENDANT STATEMENT: Miguel GARCIA-Banuelos

The defendant **Miguel GARCIA-Banuelos** was advised of his Miranda Rights in the Spanish language and stated that he understood these rights and agreed to speak without an attorney present. GARCIA stated that he is a citizen and national of Mexico. GARCIA stated that he does not have any documents that would allow him to enter or remain in the United States legally. GARCIA stated that he had previously entered illegally into the United States through the Mexicali/Calexico Port of Entry on two separate occasions. GARCIA admitted that he knowingly entered the United States illegally. GARCIA stated that he was being trained as a foot-guide by the two other foot-guides, identified as defendant #1 **Bernardo PARRA-Rubio** and defendant #2 **Juan Carlos ARAUJO-Parra**, who were also apprehended in the group. GARCIA further stated that he had never entered the United States while working as a foot-guide in the past. GARCIA stated that he had full knowledge of the fact that the people he was guiding were undocumented immigrants. GARCIA stated that he understood that this was illegal. GARCIA stated that the intended destination for the group was Los Angeles, California and that he was to be paid $200.00 (USD) for guiding the group. GARCIA was presented with a six-pack photographic lineup and positively identified defendant #1 Bernardo PARRA-Rubio and Juan Carlos ARAUJO-Parra, as the two other foot-guides in the group.

### MATERIAL WITNESSES STATEMENTS:

Material Witnesses **Juan Carlos VASQUEZ-Padilla, Pedro VASQUEZ-Padilla, and Rafael HERNANDEZ-Morales** stated that they are citizens and nationals of Mexico illegally present in the United States. They stated that they did not have any immigration documents allowing them to be in the United States legally. They stated that arrangements had been made either in Tijuana or Mexicali, Baja California, Mexico to be smuggled into the United States. All the material witnesses stated that they were to pay from $1,400.00 to $1,500.00 U.S. dollars when they reached there destination Los Angeles, California. All the material witnesses stated that the three defendants were in front of the group giving them directions as they traveled through the mountains. When shown a photographic lineup all the material witnesses were able to identify the three defendants **Bernardo PARRA-Rubio, Juan Carlos ARAUJO-Parra, and Miguel GARCIA-Banuelos** as the guides of the group.